No. 12,956
First Circuit Appeal

DONELSON L. CAFFERY. v. WALKER B. COLEMAN

(May 5, 1925, Opinion and Decree.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Partnership—Par. 49, 50, 152.**
After the liquidation of a partnership the loss sustained by the partnership must be divided between the partners where one of the partners liquidated the business judicially and expeditiously for the partnership.

2. **Louisiana Digest—Costs and Fees—Par. 10, 55.**
The parties to a liquidation of a partnership should share equally the costs of a judicial liquidation in the lower court.

3. **Louisiana Digest—Costs and Fees—Par. 48.**
Where the judgment of the lower court in a judicial liquidation of a partner-

ship is appealed and affirmed. The party appealing must pay the costs of the appeal.

Appeal from the Fifteenth Judicial District, Parish of Calcasieu, Hon. Jerry Cline, Judge.

This is a suit to recover losses from a partner growing out of the judicial liquidation of a partnership.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

R. R. Stone, of Lake Charles, attorney for plaintiff, appellee.

Cline & Plauche, of Lake Charles, attorneys for defendant, appellant.

ELLIOTT. J. The plaintiff, Donelson L. Caffery, and defendant, Walker B. Coleman, by verbal contract formed a partnership under the firm name "Caffery-Coleman Company", to conduct a produce business. Each of them put into the business his services at like value and profits and losses were to be equally shared. Mr. Coleman did not contribute at the time, any of the partnership capital. Mr. Caffery under the agreement advanced the firm the sum of $1685.40 necessary, in order to purchase the assets and good will of Joe. Moustaiche & Company, and start in business; with the understanding that in a couple of months the parties were to organize a corporation, which would take over the partnership business and at which time the sum advanced by Mr. Caffery, $1685.40, was to be returned to him. This plan, however, was not carried out; because after operating a couple of months the partners, Messrs. Caffery and Coleman, disagreed to the extent that the continuance of the partnership and further working together, became impracticable. Mr. Coleman left and declined to take further part in the business, and, of course, it became necessary to liquidate the partnership affairs.

Mr. Caffery who remained in charge proceeded extra judicially to liquidate the partnership and close out the business and when he had completed the work; it was found that there had been quite a loss.

Mr. Caffery brought this suit against Mr. Coleman for a judicial determination of their affairs and to compel him to share one-half of the loss.

Mr. Coleman contends for answer in substance and effect that there was no loss at the time he quit the business, December 22, 1923, and that if any loss has since occurred it was not due to his fault, and that he should not be required to bear any part of it; that Mr. Caffery should have closed out the business sooner and at less expense than was done by him; that some credits claimed by Mr. Caffery for salary and interest should not be allowed him.

The district judge rendered judgment approving the course pursued by Mr. Caffery; decided in his favor in most cases as to contested items and gave him judgment against Mr. Coleman for half of the loss to-wit: $1187.84.

Mr. Coleman appealed; but we find no brief on his part and he does not appear to seriously contest the correctness of the judgment appealed from.

It appears to us that Mr. Caffery acted as judiciously and expeditiously as Mr. Coleman could probably have done; had the liquidation been undertaken by him and that no unnecessary expenses were encurred; his charge for service rendered and personal expenses during the liquidation appear to be reasonable.

He, Mr. Caffery, filed in answer to the appeal in which he claims error to his prejudice in the disallowance of interest claimed by him on the money he advanced to the firm at the time it commenced business; but we agree with the district judge that under the partnership agreement,

which was the law of the case; he was not entitled to interest. He cites to us the law C. C. Art. 1928, and C. P. Art. 554; but we think that the allowance of interest would be contrary to the agreement and expectation of the parties at the time the agreement was entered into. The judgment appealed from, is in all respects correct in our opinion; except that the parties should share equally the cost of the judicial liquidation in the lower court.

It is therefore ordered, adjudged and decreed that the cost of the lower court be shared equally between the plaintiff and defendant; but that the defendant and appellant pay the cost of his appeal.

The judgment appealed from is in all other respects affirmed.